# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>vs.<br><br>MANUEL FERNANDO SANCHEZ,<br><br>                   Defendant. | CASE NO. 16-cr-3023-LAB-2<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE [DKT. 55]** |

      On March 14, 2017, Manuel Fernando Sanchez ("Sanchez") plead guilty to conspiracy to distribute methamphetamine, distribution of heroin and oxycodone, and dealing in firearms without a license. The Court imposed a total custodial sentence of 130 months followed by 7 years of supervised release. Sanchez has served about 42.8% of his sentence and is scheduled to be released from the Bureau of Prisons ("BOP") custody on April 17, 2026. Sanchez, currently serving time at USP LOMPOC, moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). He alleges that he suffers from chronic gout, hepatitis C, and a tumor in his left testicle, and that because of COVID-19 he is not able to receive needed medical attention at LOMPOC.

      Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in

- 1 -

18 U.S.C. § 3553(a). The Government objects to Sanchez's motion, arguing that Sanchez doesn't have a "serious physical or medical condition" within the meaning of the Sentencing Commission's policy statement because Sanchez hasn't demonstrated that he isn't expected to recover from his medical conditions, and these conditions don't substantially diminish Sanchez's ability to provide self-care within the correctional facility. U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I).

Sanchez's conditions, although serious, haven't met the "extraordinary and compelling" threshold. And he hasn't shown that Lompoc USP is unable to safeguard his health and safety during the remainder of his sentence. Currently there are no inmates with active COVID-19 infections among the 1,265 total Inmates. https://www.bop.gov/coronavirus/ (last accessed August 9, 2021). These circumstances mitigate the risk that Sanchez will suffer COVID-19 infection or other life-threatening illness.

The § 3553(a) factors continue to support the imposition of his original sentence too. Sanchez's offenses – conspiracy to distribute several kilograms of methamphetamine, distribution of heroin and oxycodone by hiding them in multiple locations and in firearms without a license – were unquestionably serious. (Dkt. 27 at 4.) Sanchez also has at least eight prior criminal convictions, including crimes related to drug trafficking, illegal possession of firearms, and domestic violence. (Dkt. 58 at 5.) The need for deterrence under § 3553(a)(2)(B) continues to apply. Also, the need to protect the public from repeated criminal behavior is strongly implicated here. *See* 18 U.S.C. § 3553(a)(2)(C). The seriousness of Sanchez's crimes and the need to protect the public weigh heavily against his early release and predominate over considerations of his medical condition.

/ / /

/ / /

1 | Sanchez hasn't demonstrated "extraordinary and compelling reasons" to warrant a reduction of his sentence. His motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 9, 2021

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

CC: Manuel Fernando Sanchez